IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| OZZIE JONES, #86497-071, | ) Civil Action No. 3:09-1356-TLW-JRM |
| Plaintiff, | ) |
| vs. | ) |
| FEDERAL BUREAU OF PRISONS;<br>UNICOR;<br>MARY MITCHELL;<br>WAYNE SMITH;<br>PAT SUPPA; ET AL., | ) **REPORT AND RECOMMENDATION** |
| Defendant. | ) |

Plaintiff filed this action, pro se, on May 22, 2009.[1] He is an inmate at the Federal Correctional Institution in Edgefield, South Carolina ("FCI Edgefield"). Defendants are the Federal Bureau of Prisons ("BOP"); Federal Prison Industries, Inc. ("UNICOR");[2] FCI Edgefield Warden Mary Mitchell ("Mitchell"); FCI Edgefield Executive Assistant/Camp Administrator Wayne Smith ("Smith"); and UNICOR Warehouse Worker Supervisor Pat Suppa ("Suppa"). On September 16, 2009, Plaintiff filed an amended complaint. Defendants filed a motion to dismiss or in the alternative for summary judgment on September 28, 2009. Plaintiff, because he is proceeding pro se, was advised on September 29, 2009, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to Defendants' motion to dismiss or in the alternative for summary judgment

---

[1] Pretrial matters in this case were referred to the undersigned pursuant to Rule 73.02(B)(2)(e), DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the court.

[2] Federal Prison Industries, Inc., is a government corporation organizationally within the Bureau of Prison whose mission is to provide work simulation programs and training opportunities for inmates confined in Federal Correctional facilities. The commercial or trade name for this entity is UNICOR. 28 C.F.R. § 245.11(a).

could result in the dismissal of his complaint. Plaintiff filed a response on October 22, Defendants filed a reply on October 28, and Plaintiff filed a sur reply on November 20, 2009.

**STANDARD OF REVIEW**

Pro se complaints are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.1978), and a court is charged with liberally construing a complaint filed by a pro se litigant to allow for the development of a potentially meritorious case. See Hughes v. Rowe, 449 U.S. 5, 9 (1980). The requirement of liberal construction, however, does not mean the court can ignore a clear failure to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Dept. of Soc. Servs., 901 F.2d 387 (4th Cir.1990).

When considering a 12(b)(6) motion to dismiss, the court must accept as true the facts alleged in the complaint and view them in a light most favorable to the plaintiff. Ostrzenski v. Seigel, 177 F.3d 245, 251 (4th Cir. 1999). The United States Supreme Court recently stated that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, __ U.S. __, __, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Although "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," a pleading that merely offers "labels and conclusions," or "a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. Likewise, "a complaint [will not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancements.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 557).

Summary judgment is appropriate when there is no genuine dispute of material fact and when the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). The non-moving party is entitled to have the court construe all disputed facts and all reasonable inferences drawn therefrom in the most favorable light, Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Celotex Corp. v Catrett, 477 U.S. 317, 322 (1986). A party wishing to oppose summary judgment must present evidence tending to raise a material and genuine factual dispute. See Morrissey v. William Morrow & Co., 739 F.2d 962 (4th Cir. 1984), cert. denied 469 U.S. 1216 (1985); Foy v. Norfolk and W. Ry. Co., 377 F.2d 243 (4th Cir.), cert. denied, 389 U.S. 848 (1967); Bradford v. School Dist., 364 F.2d 185 (4th Cir. 1966); and Sturdivant v. Medical Eng'g Corp., 121 F.R.D. 51 (D.Md. 1988).

## DISCUSSION

Plaintiff has been assigned to a UNICOR Warehouse work detail at FCI Edgefield since January 8, 2007, and is currently assigned at Pay Grade level 2. Pay grades range from a low of 4 to a high of 1. Suppa Decl., Para. 6. Plaintiff demonstrated constant satisfactory work performance, and satisfactorily accepted increased positions of responsibility. On approximately April 15, 2009, Plaintiff became eligible for promotion to a Pay Grade level 1, because the inmate who had occupied that position previously was assigned to another work detail. Suppa Decl., Paras. 3, 6-7.

3

On March 13, 2009, however, a decision from the Federal Prison Industry Corporate Headquarters was made to freeze all inmate worker promotions at all UNICOR factories throughout the BOP. The promotion freeze was put into effect to meet the budget goals. It went into effect in March 2009, and remained in effect at the time Plaintiff filed his complaint. In April 2009, a mass shakedown was conducted in the UNICOR Warehouse. It was discovered that inmates were storing items of soft contraband in their work areas. Suppa Decl., Paras. 8-9.

## DISCUSSION

Plaintiff appears to have brought his claims pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 397 (1971). In Bivens, the Supreme Court established a direct cause of action under the Constitution of the United States against federal officials for the violation of federal constitutional rights. A Bivens claim is analogous to a claim under 42 U.S.C. § 1983: federal officials cannot be sued under 42 U.S.C. § 1983 because they do not act under color of state law. See Harlow v. Fitzgerald, 457 U.S. 800, 814-820 & n. 30 (1982). Harlow, which is often cited for the principle of the qualified immunity of state officials for acts within the scope of their employment, was brought against a federal official. In footnote 30 of the opinion in Harlow, the Supreme Court stated that Harlow was applicable to state officials sued under 42 U.S.C. § 1983. In other words, case law involving § 1983 claims is applicable in Bivens actions and vice versa. Farmer v. Brennan, 511 U.S. 825 (1994); see also Mitchell v. Forsyth, 472 U.S. 511, 530 (1985); Osabutey v. Welch, 857 F.2d 220, 221-223 & n. 5 (4th Cir. 1988).

Plaintiff appears to allege that Defendants discriminated against him based on his race[3] by failing to promote him to a higher position/pay grade in violation of 42 U.S.C. § 1983 ("1983") and South Carolina law.[4] Defendants contend that their motion to dismiss or in the alternative for summary judgment should be granted because: (1) this Court does not have subject matter jurisdiction over a Bivens action against Defendants in their official capacities; (2) sovereign immunity deprives this Court of subject matter jurisdiction over the BOP and UNICOR; (3) Plaintiff has not exhausted his administrative remedies; (4) the pleadings do not comply with Rule 8(a)(2); (5) Plaintiff has failed to state a claim upon which relief can be granted; and (6) Defendants are entitled to qualified immunity.

1. **Subject Matter Jurisdiction/Sovereign Immunity**

Defendants Mitchell, Smith, and Suppa appear to contend that this court lacks subject matter jurisdiction to hear Plaintiff's claims against them in their official capacities. Defendants BOP and UNICOR argue that Plaintiff cannot bring a Bivens action against them.

The United States cannot be sued without its consent, and consent is a prerequisite to a suit against the United States. United States v. Mitchell, 463 U.S. 206, 212 (1983). The United States

---

[3]In his original complaint, Plaintiff also appears to assert claims of discrimination based on his religion. He also alleged that he was denied access to religious study materials and an outside Muslim Iman to counsel him. Plaintiff's amended complaint, however, does not include any of these claims.

[4]Plaintiff also alleges that Defendants' action "constitutes a violation of the Civil Rights Act." To the extent that Plaintiff is attempting to assert a claim under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq. ("Title VII") for discrimination, he has not alleged or shown that he has exhausted his applicable administrative remedies. See Davis v. North Carolina Dep't of Corr., 48 F.3d 134, 137 (4th Cir. 1995)( Before a federal court may assume jurisdiction over a claim under Title VII, "a claimant must exhaust the administrative procedures enumerated in 42 U.S.C. § 2000e-5(b), which include an investigation of the complaint and a determination by the EEOC as to whether 'reasonable cause' exists to believe that the charge of discrimination is true.").

has not consented to suit under the Bivens doctrine. A Bivens action may not be brought against agencies or departments of the United States. FDIC v. Meyer, 510 U.S. 471, 486 (1994) (declining to extend Bivens remedy to federal agencies). Hence, the BOP and UNICOR are entitled to summary dismissal. See, e.g. Barksdale v. Rauschel 230 F.3d 1357 (6th Cir. 2000)[Table](finding that the district court properly dismissed an inmate's cause of action against UNICOR because sovereign immunity bars such a claim)

The bar of sovereign immunity cannot be avoided by naming officers or employees of the United States as defendants. Gilbert v. Da Grossa, 756 F.2d 1455, 1458 (9th Cir. 1985); cf. Hawaii v. Gordon, 373 U.S. 57, 58 (1963). Claims against Defendant in their official capacities, to the extent that Plaintiff is seeking monetary damages, are barred by the doctrine of sovereign immunity. See Hagemeier v. Block, 806 F.2d 197, 202 (8th Cir. 1986), cert. denied, 481 U.S. 1054 (1987); Gilbert, 756 F.2d at 1458. Thus, this court lacks subject matter jurisdiction as to Plaintiff's Bivens claims for monetary damages against Defendants Mitchell, Smith, and Suppa in their official capacities.

### 2. **Administrative Remedies**

Defendant contends that Plaintiff failed to exhaust his available administrative remedies as to his Bivens claims. The Bureau of Prisons ("BOP") has a three-tiered administrative grievance process. See 28 C.F.R. §§ 542.10 et seq.; see also Gibbs v. Bureau of Prison Office, FCI, 986 F.Supp. 941, 943 (D.Md.1997). An inmate may complain about any aspect of his confinement by first seeking to informally resolve the complaint at the institution level. 28 C.F.R. § 542.13. If the matter cannot be resolved informally, the inmate may file a formal written complaint (Administrative Remedy Request) to the Warden. 28 C.F.R. § 542.14. The matter will be investigated, and a written response provided to the inmate. Id. If dissatisfied with the response, the

inmate may appeal to the Regional Director. 28 C.F.R. § 542.15(a). If dissatisfied with the regional response, the inmate may appeal to the General Counsel. Id. Appeal to the General Counsel is the final level of agency review. 28 C.F.R. § 542.15(a). A claim has not been administratively exhausted until it has been filed with the General Counsel. Administrative complaints must be filed within 20 days of the date of incident giving rise to the complaint occurred. 28 C.F.R. § 542.14(a).

Roy Lathrop, a Paralegal Specialist at FCI Edgefield, states that he conducted a diligent search of the administrative remedy records maintained by the BOP. Their database reveals that Plaintiff has not exhausted his administrative remedies as to his claim of alleged discrimination in relation to his UNICOR pay grade level. Lathrop states that on January 2, 2009, Plaintiff filed a Request for Administrative Remedy with the Warden at FCI Edgefield requesting religious supplies and visitors from the Nation of Islam, but voluntarily withdrew his remedy from consideration on January 21, 2009. On June 4, 2009, Plaintiff filed a request with the Warden at FCI Edgefield alleging he was discriminated against in relation to his UNICOR pay grade status. On June 24, 2009, the Warden responded to Plaintiff's grievance and informed him the request was denied. On July 7, 2009, Plaintiff filed a Regional Administrative Remedy Appeal to the Southeast Regional Director appealing the Warden's decision. On July 10, 2009, Plaintiff's appeal was rejected because he had not complied with appropriate procedures. Plaintiff was informed he could re-file his appeal within 15 days of receiving his rejected grievance. On July 23, 2009, Plaintiff re-filed his appeal, which was rejected because he had not complied with the appropriate filing procedures. Plaintiff was again informed he could re-file his appeal in proper form within 15 days of receiving his rejected grievance. Lathrop states that as of August 28, 2009, there was no indication that Plaintiff had re-filed his grievance with the Southeast Regional Office. In his response in opposition to Defendants'

motion to dismiss or for summary judgment, Plaintiff states that he re-filed his Regional Administrative Remedy Appeal on July 18, 2009. He has attached documentation indicating that this was received by the Regional Office on August 7, 2009, and the Regional Office responded on September 8, 2009. Plaintiff appears to have filed an appeal with the Office of General Counsel on September 17, 2009.

Here, in the light most favorable to Plaintiff, Plaintiff did not exhaust his administrative remedies prior to filing this action. A prisoner does not comply with the mandatory exhaustion requirements by exhausting his remedies during the course of litigation. Exhaustion is a prerequisite to suit that must be completed prior to filing an action. See Anderson v. XYZ Correctional Health Servs., Inc., 407 F.3d 674, 677 (4th Cir. 2005), see also Neal v. Goord, 267 F.3d 116, 123 (2nd Cir.2001) (holding that "allowing prisoner suits to proceed, so long as the inmate eventually fulfills the exhaustion requirements, undermines Congress' directive to pursue administrative remedies prior to filing a complaint in federal court."), overruled on other grounds by Porter v. Nussle, 534 U.S. 516, 532 (2002); Jackson v. Dist. of Columbia, 254 F.3d 262, 268-69 (D.C.Cir.2001) (rejecting the argument that § 1997e(a) "permits suit to be filed so long as administrative remedies are exhausted before trial"); Freeman v. Francis, 196 F.3d 641, 645 (6th Cir.1999) (a prisoner may not exhaust administrative remedies during the pendency of the federal suit); Miller v. Tanner, 196 F.3d 1190, 1193 (11th Cir.1999) (An inmate incarcerated in a state prison must first comply with the grievance procedures established by the state department of corrections before filing a federal lawsuit under section 1983.); Perez v. Wisconsin Dep't of Corr., 182 F.3d 532, 535 (7th Cir. 1999) ("[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district

court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment.").

### 3. **Job Claims**

Plaintiff alleges that Defendants failed to promote him and give him a pay raise based on his race (African-American). Defendants contend that Plaintiff does not have a constitutionally protected liberty interest in a particular prison job and they did not discriminate against him based on his race. They assert that Plaintiff was not awarded the promotion and pay raise on his eligibility date for two reasons, the promotion freeze put into effect in March 2009 (approximately one month before Plaintiff's eligibility date) and his placement on a 90-day probationary period in April 2009 (which would have ended on approximately June 11, 2009) because of the discovery of contraband.

Prisoners have no entitlement to a job at a certain pay level, or even to any job. See Altizer v. Paderick, 569 F.2d 812 (4th Cir.), cert. denied, 435 U.S. 1009 (1978)(custody classifications and work assignments are generally within the discretion of the prison administrator); Gibson v. McEvers, 631 F.2d 95, 98 (7th Cir. 1980)("An inmate's expectation of keeping a certain prison job does not amount to a property or liberty interest entitled to protection under the Due Process Clause."); Alley v. Angelone, 962 F. Supp. 827, 834 (E.D.Va. 1997)(prisoner did not have a protected interest in continued employment because lack of employment was clearly within the range of confinement which could be expected by most inmates).

There is, however, a limited exception to the general rule discussed above. A prison official may not base an inmate's job assignment on certain unlawful criteria, such as the inmate's race. See

9

Bentley v. Beck, 625 F.2d 70, 71 (5th Cir. 1980) (prisoner's constitutional rights violated where prisoner was denied a job assignment in the prison kitchen because of race). "Racial discrimination in prisoner job assignments states a violation of the equal protection clause of the fourteenth amendment and of the due process clause of the fifth amendment." Hollingsworth v. Wagoner, 1990 WL 187125, *1 (4th Cir. Nov. 30, 1990)(unpublished) (citing Davis v. Passman, 442 U.S. 228 (1979)). To state a claim for an equal protection violation in a prison setting, "a plaintiff must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." Morrison v. Garraghty, 239 F.3d 648, 654 (4th Cir. 2001). To meet this requirement, plaintiff is required to set forth "specific, non-conclusory factual allegations that establish improper motive." Williams v. Hansen, 326 F.3d 569, 584 (4th Cir.2003).

    Here, Plaintiff fails to show that he was treated differently than similarly-situated Caucasian inmates. Plaintiff claims that two Caucasian inmates (Mr. Gruff and John Bonner) were promoted to grade 1 and another Caucasian inmate (Ron Richardson) was hired as a grade 1 with no prior UNICOR experience, but has presented nothing to show this. Suppa states that two of the Caucasian inmates that Plaintiff claims are Grade 1 are currently assigned at Pay Grade level 2 or below and although one Caucasian inmate was promoted to Grade 1, it was prior to the pay freeze and was to a different job assignment than the position Plaintiff sought. See Suppa Decl., Paras. 3-5.[5]

---

[5] To the extent that this should be analyzed as a § 1983 failure to promote claim under the framework set out in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973), Defendants have articulated legitimate, non-discriminatory reasons for their actions, the pay freeze and Plaintiff's probationary period for contraband. Plaintiff fails to show pretext.

Further, he fails to show that the alleged unequal treatment was the result of intentional or purposeful discrimination. As noted above, Defendants have provided that there was a UNICOR freeze on promotions during the relevant period. Additionally, Defendants provide that for a 90-day period, Plaintiff was on probation for a contraband violation.[6]

### 4. Qualified Immunity

The individual Defendants contend that they are entitled to qualified immunity. The Supreme Court in Harlow v. Fitzgerald, 457 U.S. 800 (1982), established the standard which the court is to follow in determining whether a defendant is protected by qualified immunity.

> Government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.

Harlow, 457 U.S. at 818.

The Court of Appeals for the Fourth Circuit has stated:

> Qualified immunity shields a governmental official from liability for civil monetary damages if the officer's "conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." "In determining whether the specific right allegedly violated was 'clearly established,' the proper focus is not upon the right at its most general or abstract level, but at the level of its application to the specific conduct being challenged." Moreover, "the manner in which this [clearly established] right applies to the actions of the official must also be apparent." As such, if there is a "legitimate question" as to whether an official's conduct constitutes a constitutional violation, the official is entitled to qualified immunity.

---

[6]In his opposition memorandum, Plaintiff appears to assert that he was denied due process as to his 90-day probation as a result of the contraband incident. This claim, which was not included in his amended complaint, does not appear to be properly before the court. Further, although a prisoner may have due process rights as to good-time credits which are taken away from him, Plaintiff has not shown that he has a constitutionally established liberty interest as to the imposed job probationary period in question. Wolff v. McDonnell, 418 U.S. 539, 557 (1974); see Sandin v. Conner, 515 U.S. 472 (1995).

11

Wiley v. Doory, 14 F.3d 993 (4th Cir. 1994)(internal citations omitted), cert. denied, 516 U.S. 824 (1995). As discussed above, Plaintiff fails to show that these Defendants violated his established constitutional or statutory rights. Therefore, these Defendants are entitled to qualified immunity in their individual capacities.

## CONCLUSION

Based on review of the record, it is recommended that Defendants' motion to dismiss or in the alternative for summary judgment (Doc. 24) be **granted**.

Joseph R. McCrorey
United States Magistrate Judge

July 14, 2010
Columbia, South Carolina

**The parties' attention is directed to the important information on the attached notice**.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).